ACCEPTED
03-15-00262-CV
7772143
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/10/2015 4:28:34 PM
JEFFREY D. KYLE
CLERK

RECEIVED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

11/10/2015 4:28:34 PM

JEFFREY D. KYLE
Clerk

November 10, 2015

Honorable Jeffrey D. Kyle
Clerk, Third Court of Appeals
209 West 14th Street, Room 101
Austin, TX 78701

RE: Supporting the Texas Association of Acupuncture and Oriental Medicine (TAAOM) in: *Texas Association of Acupuncture and Oriental Medicine v. Texas Board of Chiropractic Examiners*, No. 03-15-00262-CV

Dear Mr. Kyle:

I write this letter on behalf of AOMA Graduate School of Integrative Medicine (AOMA). AOMA has sustained operations in the state of Texas since 1993, and is accredited by the Southern Association of Colleges and Schools as a level V doctoral degree granting institution. Our graduates are authorized to sit for the National Certification Commission for Acupuncture and Oriental Medicine board exams vis-à-vis successful completion of a four year program of study accredited by the Accreditation Commission for Acupuncture and Oriental Medicine. These graduates, by these virtues, are licensed by the Texas State Board of Acupuncture Examiners under the Texas Medical Board.

This Amicus contains three points. First, there has been an inadequate process conducted by the Texas Board of Chiropractic Examiners (TBCE) for establishing educational standards by which to adjudicate the practice of acupuncture by chiropractors. Second, the TBCE has failed their obligation to the public with respect to oversight of chiropractors practicing acupuncture in the State of Texas. The TBCE lacks the capacity to oversee the practice of acupuncture and has provided no oversite of chiropractors practicing acupuncture. Last, TBCE is in fact acting more as a Guild and serving the interests of chiropractic professionals rather than operating within their mission, which is to protect public safety.

*Failed Educational Process*

To date, the TBCE have failed to present documentation of legitimate 'certification' for the practice of acupuncture by chiropractors. This is the situation with purported 'chiropractic acupuncture education,' which leads to the ability of the chiropractor to practice acupuncture in the State of Texas. A legitimate process would include the following:

1. Safety assessment
2. Needs assessment
3. Inclusive process for development of competencies
4. Rigorous process for qualifying faculty
5. A certification process that is run by agencies different than the profit-making seminar business

The most glaring deficit in educational processes for chiropractors practicing acupuncture is that there is no requirement for clinical education with appropriate oversight. It fails common sense to have no requirements for supervised clinical practice for a procedure based practice with known risk.[1] This was confirmed in a dialogue with Dr. Ken Thomas of Parker University at a 2012 TBCE ad hoc acupuncture meeting. To wit:

**Will Morris of AOMA** (acupuncture school):

"I think I just heard you say that a chiropractor could graduate from Parker qualified to practice acupuncture and sit for the nationals without having any clinical oversight of their skills at all. Is that correct?

**Ken Thomas of Parker University** (chiropractic college):
Yes, there's no clinical requirement in our clinical component at our university.[2]

The National Certification Commission for Acupuncture and Oriental Medicine through an industry-wide consensus process of more than 30 years has determined that some 900 hours of clinical oversight is appropriate.

Currently, no chiropractic education/certification body has demonstrated a legitimate certification process for acupuncture. To the contrary, the TBCE

---

[1] *See* CCAOM Clean Needle Technique Manual 7th Edition, Part I: AOM Clinical Procedures, Safety, Adverse Events (AEs) and Recommendations to Reduce AEs, available at http://www.ccaom.org/downloads/7thEditionManualEnglishPDFVersion.pdf.

[2] Chiropractic Board July 11, 2012 ad hoc meeting, at 2:06:26, available at https://www.tbce.state.tx.us/Hearings/Acupuncture20120711.MP3.

considers it appropriate to authorize seminar companies who certify their own graduates as a legitimate process. This fails the best practices of arm's-length relations between educational and certification processes. Furthermore, during the aforementioned 2012 TBCE ad hoc acupuncture meeting, the committee members demonstrated no awareness of such best practices. While they promised to do a rigorous examination of these best practices, they have failed to do so to date.[3]

*Failure to Regulate*

The TBCE is unable to assess how many chiropractors practice acupuncture in the State of Texas. This calls into question the capacity of the TBCE to oversee a procedure performed by its licensees which has known risk. This is compounded by the fact that the TBCE is willing to allow chiropractors to practice acupuncture with no clinical training in the practice of acupuncture.

*Guild Conduct of the TBCE*

It is the role and responsibility of all licensing agencies to protect the public good. The TBCE, however, has taken it upon itself to interpret the Acupuncture Chapter as an authorization to expand the practice of chiropractic beyond what the Chiropractic Chapter allows. Such an interpretation is performed in service to the chiropractic professional and not to the public. This orientation of putting the

---

[3] Chiropractic Board July 11, 2012 ad hoc meeting, at 1:16:50 - 1:27:35 and 1:47:37 – 1:50:56, available at https://www.tbce.state.tx.us/Hearings/Acupuncture20120711.MP3.

profession over the public good is evident in the TBCE failure to properly vet the qualification process whereby chiropractors may practice acupuncture, and in its failure to regulate the practice of acupuncture by chiropractors. This is Guild-like behavior, and it is not appropriate conduct for an agency mandated with the protection of the public.

Sincerely,

*/s/ William R. Morris*
William R. Morris, PhD, DAOM, LAc
President/CEO
AOMA Graduate School of Integrative Medicine
4701 West Gate Blvd., Austin, TX 78745
Tele: (512) 454-1199
E-mail: wmorris@aoma.edu

## CERTIFICATION OF AMICUS

I certify on behalf of *Amicus Curiae*, that no persons other than Amicus Curiae or its counsel made any monetary contribution to the preparation or submission of this *Amicus* letter.

*/s/ William R. Morris*
William R. Morris, PhD

## CERTIFICATION OF COMPLIANCE

I certify on behalf of *Amicus Curiae*, that this Amicus letter contains 786 words according to the word count feature of the software used to prepare this *Amicus* letter.

_/s/ William R. Morris_
William R. Morris, PhD


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing _Amicus_ letter has been served to all attorneys of record as listed below on 11/10/2015.

_/s/ William R. Morris_
William R. Morris, PhD


Joe H. Thrash
Assistant Attorney General
Administrative Law Division
P.O. Box 12548
Austin, Texas 78711
Joe.Thrash@texasattorneygeneral.gov

Craig T. Enoch
Enoch Kever, PLLC.
600 Congress Avenue, Suite 2800
Austin, Texas 78701
cenoch@enochkever.com